UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
STATE OF NEW YORK and BASIL SEGGOS
As Acting Commissioner of the New York State
Department of Environmental Conservation,

                           Plaintiffs,                        **REPORT AND**
                                                                                         **RECOMMENDATION**
                -against-                              15-CV-6569 (DRH) (ARL)

PRIDE SOLVENTS & CHEMICAL CO. INC.,
PRIDE SOLVENTS & CHEMICAL CO. OF N.Y.,
INC., ARTHUR DHOM, SR., ARTHUR DHOM, JR.,
CHERYL DHOM, as executor of the Estate of Robert
Dhom, and 78-88 LAMAR STREET REALTY CORP.,

                         Defendants.
-------------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

       Plaintiffs, the State of New York and Basil Seggos, Commissioner of the New York State Department of Environmental Conservation (collectively, the "State"), bring this action under the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA") § 107(a), 42 U.S.C. § 9607(a), and state common law to recover costs that have been incurred and will be incurred by the State in responding to hazardous substances released at 78-88 Lamar Street in West Babylon, New York.

       Heilig, Branigan, Miller & Castrovinci ("Heilig"), counsel for Third-party Defendant Kean Babylon, Inc. ("Kean"), has documented a long history of its inability to communicate with its client. By Order dated January 14, 2019, the Court granted Heilig's original motion to withdraw as counsel and cautioned Kean that it was required to obtain the counsel or be considered in default. ECF No. 144. On February 8, 2019, Heilig and its client apparently resolved their differences and Heilig once again filed a notice of appearance on behalf of Kean. ECF No. 145. Despite this apparent reconciliation, on April 18, 2019, Heilig filed its second

motion to withdraw as the attorney of record for defendant Kean.  ECF No. 152.

By Order dated May 13, 2019, this Court granted the motion of Heilig for leave to withdraw as the attorney of record for defendant Kean.  ECF No. 156.  Defendant Kean was given until June 24, 2019 to obtain new counsel.  *Id.*  Defendant Kean was once again advised that as a statutory entity, it could not proceed *pro se* and was required to retain counsel.  *Id.*  The Order was served on Kean on May 16, 2019.  ECF No. 157.

Defendant Kean was further advised that a failure to obtain new counsel on or before August 3, 2019 might result in a Report and Recommendation to the District Judge that its answer be stricken and a default judgment entered against it.  On March 10, 2020 this Court once again advised third-party defendant Kean that as a statutory entity, it cannot not proceed *pro se*.  *See Rowland v. Calif. Men's Coloney*, 506 U.S. 194, 202-03 (1993).  Third-party defendant Kean was advised that a failure to obtain new counsel on or before March 18, 2020 would result in a Report and Recommendation to District Judge Hurley that its answer be stricken.

On April 22, 2020, this Court issued an order to show cause directed at defendant Kean.  Defendant Kean was directed show cause by May 22, 2020 as to why its answer should not be stricken and a default judgment entered against it.  Defendant Kean was warned that a failure to respond to the order to show cause could result in a recommendation by the undersigned to Judge Hurley that Defendant's answer be stricken and default judgement be entered against him.  To date, Defendant Kean has not responded to the order to show cause.

Rule 16(f) authorizes a court to impose sanctions, including those permitted by Rule 37(b)(2)(A)(ii)-(vii), when a party fails to appear at a court-ordered conference or fails to obey other pretrial orders. Such sanctions may include "striking pleadings in whole or in part" and "rendering a default judgment against the disobedient party."  Fed. R. Civ. P. 37(b)(2)(A)(iii),

(vi). When considering whether to impose sanctions under Rules 16 and 37, courts look to several factors, including "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *Sanchez v. Jyp Foods Inc.*, 2018 U.S. Dist. LEXIS 161120, 2018 WL 4502008, at *3 (S.D.N.Y. Sept. 20, 2018) (quoting *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)). Any sanction short of striking defendant Kean's answer, such as, prohibiting certain defenses, or finding certain facts in favor of plaintiffs would be "an exercise in futility," since defendant Kean has not responded to court orders, appeared at court conferences, or otherwise defended this action. *Sanchez*, 2018 U.S. Dist. LEXIS 161120, 2018 WL 4502008, at *4 (quoting *Koch v. Rodenstock*, 2010 U.S. Dist. LEXIS 49054, 2010 WL 2010892, at *7 (S.D.N.Y. Apr. 23, 2010), report and recommendation adopted, 2010 U.S. Dist. LEXIS 49031, 2010 WL 2010900 (S.D.N.Y. May 18, 2010)) ("Defendants' repeated noncompliance with court orders and failure to engage with the Court indicates that any lesser sanction would be 'an exercise in futility[.]'").

Given the course of conduct referenced above, it is apparent to the undersigned that the Defendant is unwilling to engage in this litigation and that any lesser sanction than default judgment would merely delay Plaintiff's eventual recovery. In addition, Defendant Kean has been explicitly warned of the consequences of noncompliance. Accordingly, the Court reports and recommends that Defendant's answer be stricken and a default judgment be entered against it.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure,

the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  Such objections shall be filed with the Clerk of the Court via ECF, except in the case of a party proceeding *pro se*.  Defendant Kean must file its objections in writing with the Clerk of the Court within the prescribed time period noted above.  Any requests for an extension of time for filing objections must be directed to Judge Hurley prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).  Counsel for Plaintiff is directed to serve a copy of this Order upon Defendant Kean forthwith and file proof of service on ECF.

Dated: Central Islip, New York
July 15, 2020

_____/s_____
ARLENE R. LINDSAY
United States Magistrate Judge