UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
STATE OF NEW YORK and BASIL SEGGOS
As Acting Commissioner of the New York State
Department of Environmental Conservation,

                          Plaintiffs,                                    **REPORT AND
RECOMMENDATION**

        -against-                                            15-CV-6569 (DRH) (ARL)

PRIDE SOLVENTS & CHEMICAL CO. INC.,
PRIDE SOLVENTS & CHEMICAL CO. OF N.Y.,
INC., ARTHUR DHOM, SR., ARTHUR DHOM, JR.,
CHERYL DHOM, as executor of the Estate of Robert
Dhom, and 78-88 LAMAR STREET REALTY CORP.,

                          Defendants.
-------------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Plaintiffs, the State of New York and Basil Seggos, Commissioner of the New York State Department of Environmental Conservation (collectively, the "State"), bring this action under the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA") § 107(a), 42 U.S.C. § 9607(a), and state common law to recover costs that have been incurred and will be incurred by the State in responding to hazardous substances released at 78-88 Lamar Street in West Babylon, New York.

      On April 15, 2020, Michael Pernesiglo, on behalf of the Law Offices of Victor A. Emanuelo ("MSP"), counsel for Third-party Defendant Edison Realty, LLC ("Edison"), filed a motion seeking permission to withdraw as counsel. By Order dated April 28, 2020, the Court granted MSP's motion to withdraw as counsel and cautioned Edison that it was required to obtain the counsel or be considered in default. ECF No. 208. Defendant Edison was advised that as a statutory entity, it could not proceed *pro se* and was required to retain counsel. *Id.* Outgoing counsel for Edison was directed to file proof of service of the Order on Edison on

ECF, however, no proof of service was ever filed. Pride Solvents & Chemical Co. Inc. ("Pride Solvents"), Pride of NY, Arthur Dhom, Sr., Arthur Dhom, Jr., Cheryl Dhom, as Executor of the Estate of Robert Dhom, and 78-88 Lamar Street Realty Corp. (the "Pride Defendants") moved for an extension of the discovery deadlines and to strike the answer of Edison on September 17, 2020. ECF No. 214. In response to this Court's Order, the Pride Defendants attempted to serve the motion to strike on Edison on September 17, 2020, and when that attempt was unsuccessful, Edison was served at two different addresses on September 21, 2020. ECF. No. 222. Edison did not respond to the motion to strike, nor has Edison obtained substitute counsel.

On April 14, 2021, the Pride Defendants again moved to strike the answer of Edison. *Id.* On April 29, 2021, Third-Party Defendant Edison was ordered to show cause in writing, on or before May 22, 2021, why its answer should not be stricken and a default judgment entered against it. ECF No. 223. Third-Party Defendant Edison was also directed to provide the Court with an updated address and was once again advised that as a statutory entity, it could not proceed *pro se* and was required to retain counsel. *Id.* The Order was served on Edison on April 30, 2021. ECF No. 224. Edison was advised that a failure to obtain new counsel on or before May 22, 2021 would result in a Report and Recommendation to District Judge Hurley that its answer be stricken. To date, Third-Party Defendant Edison has not responded to the order to show cause.

Rule 16(f) authorizes a court to impose sanctions, including those permitted by Rule 37(b)(2)(A)(ii)-(vii), when a party fails to appear at a court-ordered conference or fails to obey other pretrial orders. Such sanctions may include "striking pleadings in whole or in part" and "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi). When considering whether to impose sanctions under Rules 16 and 37, courts look to

2

several factors, including "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *Sanchez v. Jyp Foods Inc.*, 2018 U.S. Dist. LEXIS 161120, 2018 WL 4502008, at *3 (S.D.N.Y. Sept. 20, 2018) (quoting *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)).  Any sanction short of striking defendant Edison's answer, such as, prohibiting certain defenses, or finding certain facts in favor of plaintiffs would be "an exercise in futility," since defendant Edison has not responded to court orders, appeared at court conferences, or otherwise defended this action.  *Sanchez*, 2018 U.S. Dist. LEXIS 161120, 2018 WL 4502008, at *4 (quoting *Koch v. Rodenstock*, 2010 U.S. Dist. LEXIS 49054, 2010 WL 2010892, at *7 (S.D.N.Y. Apr. 23, 2010), report and recommendation adopted, 2010 U.S. Dist. LEXIS 49031, 2010 WL 2010900 (S.D.N.Y. May 18, 2010)) ("Defendants' repeated noncompliance with court orders and failure to engage with the Court indicates that any lesser sanction would be 'an exercise in futility[.]'").

Given the course of conduct referenced above, it is apparent to the undersigned that the Defendant is unwilling to engage in this litigation and that any lesser sanction than default judgment would merely delay Plaintiff's eventual recovery.  In addition, Third-Party Defendant Edison has been explicitly warned of the consequences of noncompliance.  Accordingly, the Court reports and recommends that Edison's answer be stricken and a default judgment be entered against it.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file

written objections. Such objections shall be filed with the Clerk of the Court via ECF, except in the case of a party proceeding *pro se*. Defendant Edison must file its objections in writing with the Clerk of the Court within the prescribed time period noted above. Any requests for an extension of time for filing objections must be directed to Judge Hurley prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Counsel for the Pride Plaintiffs is directed to serve a copy of this Order upon Defendant Edison forthwith and file proof of service on ECF.

Dated: Central Islip, New York
July 16, 2021

                                                    _____/s_____
                                                    ARLENE R. LINDSAY
                                                    United States Magistrate Judge