UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
STATE OF NEW YORK and BASIL SEGGOS, as
Commissioner of the New York State Department of
Environmental Conservation Resources,

                                   Plaintiff,

  -against-

PRIDE SOLVENTS & CHEMICAL CO., INC., PRIDE
SOLVENTS & CHEMICAL CO. OF N.Y., INC., PRIDE
SOLVENTS & CHEMICAL CO. OF NEW JERSEY,
INC., ARTHUR DHOM, SR., ARTHUR DHOM, JR.,
CHERYL DHOM, as executor of the Estate of ROBERT
DHOM, and 78-88 LAMAR STREET REALTY CORP.,

                                  Defendants,
-------------------------------------------------------------------X
PRIDE SOLVENTS & CHEMICAL CO., INC., et al.,

                                  Third-Party Plaintiffs,

  -against-

KEAN BABYLON, INC., et al.

                                  Third-Party Defendants,
-------------------------------------------------------------------X

**Case No. 15-cv-06569
(GRB)(ARL)**

<u>**CONSENT DECREE**</u>

FILED
CLERK

9:57 am, Mar 08, 2023

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

      Plaintiffs, the State of New York and Basil Seggos, the Commissioner of the New York State Department of Environmental Conservation ("DEC") (collectively, the "State") and the Settling Third-Party Defendants (as hereinafter defined) hereby agree as follows:

      **WHEREAS,** on November 16, 2015, the State commenced this action against Pride Solvents & Chemical Co. Inc., Pride Solvents & Chemical Co. of N.Y., Inc., Arthur Dhom, Sr., Arthur Dhom, Jr., Cheryl Dhom, as Executor of the Estate of Robert Dhom, and 78-88 Lamar Street Realty Corp. (collectively with Pride

Solvents and Chemical Co. of New Jersey, Inc., "Pride Solvents Defendants") pursuant to the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), and New York's common law seeking to recover response costs that have been and will be incurred by the State in responding to the release or threatened release of hazardous substances at and emanating from the site known as the Pride Solvents & Chemical Co. Inc. site located at 78 and 88 Lamar Street in West Babylon, Town of Babylon, Suffolk County, New York (the "Pride Solvents Site") (Registry of Inactive Hazardous Waste Disposal Sites in New York State Site No. 152025) and for injury to natural resources resulting from those releases;

**WHEREAS,** the State alleged that it has incurred approximately $3,500,000 as of May 2018 in response costs with regard to the Pride Solvents Site not inconsistent with the National Oil and Hazardous Substances Pollution Contingency Plan (40 C.F.R. Part 300) (the "NCP"), and alleged that it will continue to incur costs in connection with its response actions with respect to contamination at and emanating from the Pride Solvents Site;

**WHEREAS,** on March 28, 2018, the Pride Solvents Defendants filed a third-party complaint (the "Third-Party Complaint") naming, among others, Third-Party Defendants Convend LLC ("Convend"), Pillbox LLC ("Pillbox"), Kew Realty ("Kew"), and Kean Babylon, Inc. ("KBI") (collectively the "Settling Third-Party Defendants") and asserting causes of action pursuant to 42 U.S.C. §§ 9607, 9613(f), 9613(g), 22 U.S.C. §§ 2201 and 2202, negligence, nuisance, and trespass;

2

**WHEREAS** the Third-Party Complaint alleges that Convend is a responsible party pursuant to 42 U.S.C. § 9607(a) or otherwise contributed to the plume of contamination emanating from the Pride Solvents Site due to Convend's ownership and/or operation of the property known as 71 Kean Street, West Babylon, New York (the "Convend Property");

**WHEREAS** the Third-Party Complaint alleges that Pillbox is a responsible party pursuant to 42 U.S.C. § 9607(a) or otherwise contributed to the plume of contamination emanating from the Pride Solvents Site due to Pillbox's ownership and/or operation of the property known as 83-87 Kean Street, West Babylon, New York (the "Pillbox Property");

**WHEREAS** the Third-Party Complaint alleges that Kew is a responsible party pursuant to 42 U.S.C. § 9607(a) or otherwise contributed to the plume of contamination emanating from the Pride Solvents Site due to Kew's ownership and/or operation of the property known as 138-144 Lamar Street, West Babylon, New York, identified in the Third-Party Complaint as 134-144 Lamar Street, West Babylon, New York (the "Kew Property");

**WHEREAS** the Third-Party Complaint alleges that KBI is a responsible party pursuant to 42 U.S.C. § 9607(a) or otherwise contributed to the plume of contamination emanating from the Pride Solvents Site due to Kew's ownership and/or operation of the property known as 45 Kean Street, West Babylon, New York (the "KBI Property");

**WHEREAS,** on October 21, 2019, the State filed an amended complaint (the "Complaint") adding Pride Solvents & Chemical Co. of New Jersey, Inc. as a defendant, alleging that it arranged for the disposal of hazardous substances at the Pride Solvents Site and transported hazardous substances to the Pride Solvents Site;

**WHEREAS,** during the pendency of this case, and without any admission of liability, the State, the Pride Solvents Defendants and the Settling Third-Party Defendants engaged in settlement discussions regarding reimbursement of the State for its response costs and the State's claim for injury to natural resources with respect to the Pride Solvents Site;

**WHEREAS,** the State and the Settling Third-Party Defendants (collectively, the "Parties") desire to enter into this Consent Decree (the "Decree") in order to fully and finally resolve all claims under CERCLA and common law that have been, and could now or hereafter be asserted by the Parties with respect to the Matters Addressed as defined below without the necessity or further expense of prolonged and complex litigation, and without admission of liability, adjudication or determination of any issue of fact or law, and the State has determined that settlement of its potential claims against the Settling Third-Party Defendants in accordance with the terms set forth below is practicable and in the best interest of the public;

**WHEREAS,** the Parties have agreed to the provisions of the Decree;

4

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

**PURPOSE AND SCOPE OF THIS DECREE**

1. The purpose of this Decree is to resolve claims set forth in the Complaint, the Amended Complaint and any other claims which could have been made by the State against the Settling Third-Party Defendants with regard to the Matters Addressed, defined in Paragraph 2 below; to release the Settling Third-Party Defendants from liability for the Matters Addressed; and to provide full and complete contribution protection to the Settling Third-Party Defendants with regard to the Matters Addressed pursuant to CERCLA § 113(f)(2), 42 U.S.C. § 9613(f)(2).

2. "Matters Addressed," as that term is used in this Decree, is defined to include claims that were, or could now or hereafter be, asserted by the State against the Settling Third-Party Defendants and their respective affiliates, agents, assigns, attorneys, directors, employees, insurers, managers, members, officers, predecessors, principals, related entities, subsidiaries, successors, tenants and successors-in-title arising out of, or in connection with, the disposal, release, and/or threat of release of hazardous substances at or from the Pride Solvents Site as identified in the Record of Decision for the Site (Trichloroethene (TCE), Tetrachloroethylene (PCE), and 1,1,1-Trichloroethane) (collectively, "Contamination"), and including, but not limited to, any and all injuries to natural resources caused by the release of Contamination at or from the Pride Solvents Site.

"Matters Addressed" also includes any claims regarding Contamination in groundwater flowing under the Convend Property, the Pillbox Property, the Kew Property, and the KBI Property caused by releases at or from the Pride Solvents Site.

## JURISDICTION

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 9613(b). The Parties hereby waive all objections and defenses they may have to the jurisdiction of the Court or to venue in this District. The Court shall have continuing jurisdiction to enforce the terms of this Decree and to resolve any disputes that may arise hereunder.

## PARTIES BOUND

4. This Decree shall apply to, and be binding upon, the State, including its departments, agencies, and instrumentalities, and shall apply to and be binding upon the Settling Third-Party Defendants, their affiliates, agents, assigns, attorneys, directors, employees, insurers, managers, members, officers, predecessors, principals, related entities, subsidiaries, successors, and successors-in-title. Each signatory represents that he or she is fully and legally authorized to enter into the terms and conditions of this Decree and to bind the party on whose behalf he or she signs. Any change in ownership or corporate status of the Settling Third-Party Defendants, including any transfer of assets or real or personal property, shall in no way alter its responsibilities under this Decree.

## DEFINITIONS

5. Unless otherwise expressly defined herein, terms used in this Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations.

## DISCLAIMER OF ADMISSIONS AND DENIALS

6. Nothing in this Decree shall constitute or be construed as an admission or adjudication of liability on any issue of law or fact.

7. Nothing in this Decree shall constitute evidence that costs or natural resource damages are divisible or can be apportioned among the Pride Solvents Defendants.

8. The Settling Third-Party Defendants are entering into this Decree as a compromise of disputed claims and in doing so do not admit or deny any liability, wrongdoing or fault under any of the claims alleged in the Complaint, the Amended Complaint, or the Third-Party Complaint.

## PAYMENT OF STATE RESPONSE COSTS
## AND NATURAL RESOURCE DAMAGES

9. Each of the Settling Third-Party Defendants shall pay the amount of $10,000.00 to the State within thirty (30) days of the Effective Date of this Decree as defined below. Payment in full of $10,000.00 by each Settling Third-Party Defendant will constitute full satisfaction of that Settling Third-Party Defendant's obligation pursuant to this Decree.

10. Each Settling Third-Party Defendant's payment to the State shall be allotted as follows: $9,000 to past costs, and $1,000 to natural resource damages.

7

11. The payment shall be remitted by electronic funds transfer to the New York State Office of the Attorney General ("OAG") or by certified check. The payment will be made pursuant to instructions provided by OAG.

12. At the time the payment is remitted, each Settling Third-Party Defendant shall provide written or electronic notice of the remittance in accordance with Paragraph 21 below. Failure to make the payment required in Paragraph 9 in the time period specified therein shall constitute a default under this Decree by the non-paying Settling Third-Party Defendant.

13. The $10,000 payment made by each Settling Third-Party Defendant shall serve to reduce any judgment or final settlement between the State and the Pride Solvents Defendants by that amount.

14. The payment terms under this Decree represent a fair and reasonable contribution by the Settling Third-Party Defendants toward the total response costs that have been, and will be, incurred by the State with respect to releases of hazardous substances at or from the Pride Solvents Site and with respect to the natural resource damages caused by releases of hazardous substances at or from the Pride Solvents Site. The Parties agree, and this Court by entering this Decree finds, that this Decree has been negotiated in good faith, that settlement between the Parties will avoid prolonged and complicated litigation, and that this Decree is fair, reasonable, and in the public interest.

Case 2:15-cv-06569-GRB-ARL Document 301 Filed 03/08/23 Page 8 of 20 PageID #: 5637

## COVENANTS NOT TO SUE

15. **Covenant Not to Sue by the State.** Upon full payment pursuant to Paragraph 9, and subject to the Reopener specified in Paragraph 20 of this Decree, the State, its departments, and agencies release and covenant not to sue, execute judgment, or take any civil, judicial or administrative action under any federal, state, local or common law (other than enforcement of this Decree) against the Settling Third-Party Defendants or their respective affiliates, agents, assigns, attorneys, directors, employees, insurers, managers, members, officers, predecessors, principals, related entities, subsidiaries, successors, tenants, and successors-in-title, for any matter arising out of or relating to the Matters Addressed in this Decree including, without limitation, any claims or causes of action for costs, damages, enforcement costs, interest, indemnification, contribution or attorneys' fees.

16. **Covenant Not to Sue by Settling Third-Party Defendants.** The Settling Third-Party Defendants release and covenant not to sue, execute judgment, or take any civil, judicial or administrative action under any federal, state, local or common law against the State, or its employees, departments, agencies, or instrumentalities, or to seek against the State any costs, damages, contribution or attorneys' fees arising out of any of the Matters Addressed in this Decree, including discovery proceedings in connection with the Matters Addressed; provided, however, that if the State, pursuant to the Reopener specified in Paragraph 20 of this Decree or otherwise, asserts a claim or commences or continues a cause of action against

Case 2:15-cv-06569-CCC-RBARL Document 3051 Filed 03/08/23 Page 9 of 20 PageID: 5768

the Settling Third-Party Defendants, other than to enforce the obligations contained in this Decree, this Paragraph 16 shall not preclude the assertion by the Settling Third-Party Defendants of any claims, counterclaims, defenses, or other causes of action against the State. Notwithstanding the foregoing, the Settling Third-Party Defendants may assert any claims or causes of action against any person other than the State, to the extent permitted by law, for any costs, damages, contribution or attorneys' fees arising out of any of the Matters Addressed in this Decree.

### CONTRIBUTION PROTECTION

17. In consideration of the Settling Third-Party Defendants' compliance with this Decree, the Parties agree that the Settling Third-Party Defendants and their respective affiliates, agents, assigns, attorneys, directors, employees, insurers, managers, members, officers, predecessors, principals, related entities, subsidiaries, successors, tenants, and successors-in-title are entitled, as of the Effective Date of this Decree, to the full extent of protection from contribution actions or claims as provided by CERCLA § 113(f)(2), 42 U.S.C. § 9613(f)(2), the Uniform Comparative Fault Act, and any other applicable provision of federal or state law, whether by statute or common law, extinguishing the potential liability of the Settling Third-Party Defendants and their respective affiliates, agents, assigns, attorneys, directors, employees, insurers, managers, members, officers, predecessors, principals, related entities, subsidiaries, successors, tenants, and successors-in-title to persons not party to this Decree, including the Pride Solvents Defendants and the other third-party defendants identified in the Third-Party Complaint, for the

10

Matters Addressed. As provided under CERCLA § 113(f), 42 U.S.C. § 9613(f) and New York General Obligations Law § 15-108, and to the extent authorized under any other applicable law, the Settling Third-Party Defendants and their respective affiliates, agents, assigns, attorneys, directors, employees, insurers, managers, members, officers, predecessors, principals, related entities, subsidiaries, successors, tenants, and successors-in-title shall be deemed to have resolved their liability to the State under applicable law including, without limitation, CERCLA, the New York State Environmental Conservation Law, and common law, for purposes of contribution protection and with respect to the Matters Addressed pursuant to and in accordance with this Decree. As provided under CERCLA § l13(f)(2), 42 U.S.C. § 9613(f)(2), Settling Third-Party Defendants and their respective affiliates, agents, assigns, attorneys, directors, employees, insurers, managers, members, officers, predecessors, principals, related entities, subsidiaries, tenants, successors, and successors-in-title shall not be liable for claims for contribution with respect to the Matters Addressed.

18. Any rights of the Settling Third-Party Defendants to obtain contribution or otherwise recover costs or damages from persons not party to this Decree are preserved. In addition, all claims and defenses of the Settling Third-Party Defendants with respect to all persons other than the State are expressly reserved.

## EFFECT ON LIABILITY OF OTHER PARTIES

19. Nothing in this Decree is intended as a release of, or covenant not to sue with respect to, any person or entity other than the Settling Third-Party Defendants and their respective affiliates, agents, assigns, attorneys, directors, employees, insurers, managers, members, officers, predecessors, principals, related entities, subsidiaries, successors, tenants, and successors-in-title and the State expressly reserves its rights to assert in a judicial or administrative forum any claim or cause of action, past or future, in law or in equity, that the State may have against any other person, firm, corporation, or other entity.

## REOPENER

20. Notwithstanding any other provision of this Decree and any release, discharge or covenant not to sue that Settling Third-Party Defendants may receive from the State, the State reserves, and this Decree is without prejudice to, the right of the State to institute proceedings seeking to compel the Settling Third-Party Defendants or their respective affiliates, agents, assigns, attorneys, directors, employees, insurers, managers, members, officers, predecessors, principals, related entities, subsidiaries, successors, tenants, and successors-in-title (a) to perform response actions relating to the Pride Solvents Site, or (b) to reimburse the State for future additional costs of response, in either case only if:

(i) conditions at the Pride Solvents Site that arose out of or in connection with the disposal, release, and/or threat of release of hazardous substances (as defined by CERCLA § 101(14), 42 U.S.C. § 9601(14)), other than those included in the definition of Contamination in Paragraph 2 of this Decree at or from the Pride Solvents Site on or before the Effective Date of this Decree are discovered after the Effective Date of this Decree,

12

such conditions were previously unknown to the State, and the Settling Third-Party Defendant(s) is a potentially responsible party pursuant to 42 U.S.C. § 9607(a) with respect to such contamination  or

(ii) information previously unknown to the State is received after the Effective Date of this Decree, and these previously unknown conditions or information, together with any other relevant information, indicate that the response actions selected for the Pride Solvents Site are not protective of human health or the environment and such conditions and/or information indicate that the Settling Third-Party Defendant(s) is a potentially responsible party pursuant to 42 U.S.C. § 9607(a) with respect to such contamination.

For purposes of this Reopener, previously known conditions to the State at the Pride Solvents Site and previously known information include all conditions and information known to the State as of the Effective Date of this Decree including, but not limited to, all conditions identified and information contained or submitted for inclusion in the Administrative Record, attached as Exhibit A to the Record of Decision for the Site, dated March 2013.

## NOTIFICATIONS

21. Any notification to the State and/or the Settling Third-Party Defendants shall be in writing and by electronic mail and shall be deemed properly given if sent to the following:

**As to Convend**
Joel Spivak, Esq.
98 Cutter Mill Road, Suite 310N
Great Neck, NY 11021
joel@joelspivaklaw.com

13

**As to Pillbox**
Mark A. Cuthbertson, Esq.
Matthew DeLuca, Esq.
Law Offices of Mark A. Cuthbertson
434 New York Avenue
Huntington, NY 11743
mcuthbertson@cuthbertsonlaw.com
mdeluca@cuthbertsonlaw.com

**As to Kew**
Ira W. Seligman, Esq.
Richman & Levine, P.C.
666 Old Country Road, Suite 101
Garden City, NY 11530
iseligman@richmanlevine.com

**As to KBI**
Joan M. McGivern, Esq.
Twomey, Latham, Shea, Kelly, Dubin & Quartararo LLP
33 West Second Street, P.O. Box 9398
Riverhead, NY 11901
jmcgivern@suffolklaw.com

**As to the State of New York**
Laura Mirman-Heslin, Esq.
Assistant Attorney General
New York State Department of Law
Environmental Protection Bureau
28 Liberty Street
New York, New York 10005
Laura.Mirman-Heslin@ag.ny.gov

Rita Burghardt McDonough
Assistant Attorney General
New York State Department of Law
Environmental Protection Bureau
28 Liberty Street
New York, New York 10005
Rita.McDonough@ag.ny.gov

and

> Alali Tamuno, Esq.
> Office of General Counsel
> New York State Department of
> Environmental Conservation
> 220 White Plains Rd., Suite 110
> Tarrytown, NY 10591
> alali.tamuno@dec.ny.gov

Notification solely of the payments made pursuant to Paragraph 9 above also shall be sent via electronic mail by Settling Third-Party Defendants to:

> Cory Hall
> New York State Office of the Attorney General
> Budget and Fiscal Management Bureau
> Revenues & Restitutions Unit State
> Capitol, Albany, New York 12224
> cory.hall@ag.ny.gov

> and

> Karen Diligent
> Bureau of Program Management
> Division of Environmental Remediation
> New York State Department of Environmental Conservation
> 625 Broadway, 12th Floor Albany,
> New York 12233-7012
> karen.diligent@dec.ny.gov

## **COMPLETE AGREEMENT/SIGNING**

22. This Decree constitutes the complete agreement of the Parties. This Decree may not be amended, modified, supplemented, or otherwise changed without the written consent of both the State and the Settling Third-Party Defendants, and approval of the Court. This Decree may be signed in counterparts.

## EFFECTIVE DATE

23. This Decree shall be effective upon the date that the Court enters this Decree. All times for performance of activities under this Decree shall be calculated from that date.

**STATE OF NEW YORK and
BASIL SEGGOS, as Commissioner
of the New York State Department
of Environmental Conservation**

LETITIA JAMES
Attorney General of the State of New York

Dated: 2.22.2023     By: _____

Rita Burghardt McDonough
Assistant Attorney General
Environmental Protection Bureau
28 Liberty Street
New York, New York 10005
(212) 416-8742

**CONVEND LLC**

Dated:_____     By: _____
John Maiale
Managing Member
71 Kean Street
West Babylon, NY 11704
(516) 250-7310

**PILLBOX LLC**

Dated:_____     By: _____
Robert Galindo
Owner
83 Kean Street
West Babylon, NY 11704
(631) 491-3061

16

## EFFECTIVE DATE

23. This Decree shall be effective upon the date that the Court enters this Decree. All times for performance of activities under this Decree shall be calculated from that date.

STATE OF NEW YORK and
BASIL SEGGOS, as Commissioner
of the New York State Department
of Environmental Conservation

LETITIA JAMES
Attorney General of the State of New York

Dated:_____   By: _____

Rita Burghardt McDonough
Assistant Attorney General
Environmental Protection Bureau
28 Liberty Street
New York, New York 10005
(212) 416-8742

**CONVEND LLC**

Dated: __2-20-2023_____   By: _____
John Maiale
Managing Member
71 Kean Street
West Babylon, NY 11704
(516) 250-7310

**PILLBOX LLC**

Dated:_____   By: _____
Robert Galindo
Owner
83 Kean Street
West Babylon, NY 11704
(631) 491-3061

16

## EFFECTIVE DATE

23. This Decree shall be effective upon the date that the Court enters this Decree. All times for performance of activities under this Decree shall be calculated from that date.

                                       **STATE OF NEW YORK and**
**BASIL SEGGOS, as Commissioner**
**of the New York State Department**
**of Environmental Conservation**

LETITIA JAMES
Attorney General of the State of New York

Dated:_____   By: _____

Rita Burghardt McDonough
Assistant Attorney General
Environmental Protection Bureau
28 Liberty Street
New York, New York 10005
(212) 416-8742

**CONVEND LLC**

Dated:_____   By: _____
John Maiale
Managing Member
71 Kean Street
West Babylon, NY 11704
(516) 250-7310

**PILLBOX LLC**

Dated: **02/14/2023**   By: *Robert Galindo* (signature)
Robert Galindo
Owner
83 Kean Street
West Babylon, NY 11704
(631) 491-3061

16

Dated: 2\21\23

**KEW REALTY**

By: _____
David Koehler
Managing Partner
108 Allen Boulevard
Farmingdale, NY 11735
(631) 694-4720

**KEAN BABYLON, INC.**

Dated:_____

By: _____
William Johnston
President
45 Kean Street
West Babylon, NY 11704
(631) 495-8569

**SO-ORDERED:**

Dated: 3/8/2023

By: /S/ Gary R. Brown
_____
The Honorable Gary R. Brown
United States District Judge
Eastern District of New York

17

**KEW REALTY**

Dated:_____  By: _____
David Koehler
Managing Partner
108 Allen Boulevard
Farmingdale, NY 11735
(631) 694-4720

**KEAN BABYLON, INC.**

Dated: 2/21/23  By: _____
William Johnston
President
45 Kean Street
West Babylon, NY 11704
(631) 495-8569

**SO-ORDERED:**

Dated:_____  By: _____
The Honorable Gary R. Brown
United States District Judge
Eastern District of New York

17