UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STATE OF NEW YORK and SEAN MAHAR,
as Interim Commissioner of the New York State
Department of Environmental Conservation,

                         Plaintiffs,

                                        Case No. 15-CV-6569
                                        (GRB)(ARL)

            -against-

PRIDE SOLVENTS & CHEMICAL CO., INC.,
PRIDE SOLVENTS & CHEMICAL CO.
OF N.Y., INC., PRIDE SOLVENTS & CHEMICAL
CO. OF NEW JERSEY, INC., ARTHUR DHOM, SR.,
ARTHUR DHOM, JR., CHERYL A. DHOM,
as executor of the estate of Robert Dhom, and
78-88 LAMAR STREET REALTY CORP.,

                       Defendants.
------------------------------------------------------------X

        Plaintiffs State of New York and Sean Mahar ("Mahar"), in his capacity as

Interim Commissioner of the New York State Department of Environmental

Conservation ("DEC") and Trustee of New York State's Natural Resources[1] (State of

New York and Mahar collectively, the "State"), agree as follows with defendants

Pride Solvents & Chemical Co., Inc., Pride Solvents & Chemical Co. of N.Y., Inc.,

Pride Solvents and Chemical Co. of New Jersey, Inc., Arthur Dhom, Sr., Arthur

Dhom, Jr., Cheryl A. Dhom, as executor of the estate of Robert Dhom, and 78-88

Lamar Street Realty Corp. (collectively, "Defendants"):

        **WHEREAS**, on November 16, 2015, the State commenced this action

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Sean Mahar as Interim
Commissioner of DEC is substituted for Basil Seggos, former Commissioner of DEC.

pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") against all of the Defendants, except Pride Solvents & Chemical Co. of New Jersey, seeking to recover response costs that the State alleges have been and will be incurred by the State in responding to the release or threatened release of hazardous substances at the property identified as Pride Solvents and Chemical, Site No. 152025 on the Registry of Inactive Hazardous Waste Disposal Sites in New York State and located at 78 and 88 Lamar Street in West Babylon, Town of Babylon, Suffolk County, New York ("the Site"), and for injury to natural resources resulting from those alleged releases;

**WHEREAS**, on March 28, 2018, the Defendants filed a third-party complaint against Kean Babylon, Inc., Covend LLC, BGM Properties, Inc., Pillbox, LLC, Kismet Management Corp., Lore Realty Associates, LLC, Lancer Realty Holding Corp., Edison Realty, LLC, Kew Realty, JRB Brothers, Inc., Gold & Brown Realty Corp., Dillon Cont. Corp., Nicos Polymers & Grinding, Inc., Super Web Press Service Corp., Lancer Packing Lithography Corporation, Nassau Tool Works, Inc., and Touch of Class Advertising and Graphics, Inc.;

**WHEREAS,** on October 21, 2019, the State filed an Amended Complaint that added Pride Solvents & Chemical of New Jersey as an additional defendant;

**WHEREAS,** from approximately 1979 through at least 2001, the Site was used for the storage and reclamation of chemicals, including volatile organic compounds ("VOCs"); specifically, tetrachloroethylene ("PCE"), trichloroethene ("TCE") and 1,1,1-trichloroethane ("1,1,1-TCA");

**WHEREAS,** PCE, TCE, and 1,1,1-TCA have been designated as hazardous

by the U.S. Environmental Protection Agency, *see* 40 C.F.R. § 302.4, and are thus hazardous substances within the meaning of CERCLA, 42 U.S.C. § 9601(14);

**WHEREAS**, the State alleged in its Complaint and Amended Complaint that PCE, TCE and 1,1,1-TCA leached into the groundwater at the Site and migrated into groundwater off-Site;

**WHEREAS**, the State alleged in its Complaint and Amended Complaint that the release of hazardous substances at and from the Site has caused destruction and/or loss of the natural resources of the State within the meaning of Section 107(a) of CERCLA, 42 U.S.C. § 9607(a);

**WHEREAS,** the State's Record of Decision for the Site dated March 2013 provides that the remedy selected for the Site shall include an environmental easement and a Site Management Plan that (i) provides the State with access to the Site for, among other things, ensuring compliance with certain restrictions on the use of the Site, and the operation, maintenance, and monitoring of the selected remedy; and (ii) imposes certain restrictions on the future use of the Site;

**WHEREAS**, the State alleged in its Complaint and the Amended Complaint that Defendants are liable as "owners," "operators," "arrangers," and/or "transporters" within the meaning of CERCLA § 101(20)(A)(ii), 42 U.S.C. § 9601(20)(A)(ii), and CERCLA § 107(a)(2), 42 U.S.C. § 9607(a)(2), at the Site and are liable for all response costs incurred, and to be incurred, by the State in responding to releases of hazardous substances at and from the Site, pursuant to CERCLA §§ 107(a)(2) and 113(g)(2), 42 U.S.C. §§ 9607(a)(2), 9613(g)(2);

**WHEREAS**, the State alleged in its Complaint and Amended Complaint

3

that it had incurred almost $2 million in response costs with regard to the Site that are not inconsistent with the National Oil and Hazardous Substances Pollution Contingency Plan (40 C.F.R. Part 300), and alleged that it would continue to incur costs in connection with its response actions at the Site;

**WHEREAS,** since filing the Complaint, the State has incurred additional response costs and revised its future cost estimate, and accordingly has calculated an updated estimate of its total response costs at the Site (including past and future costs) to be in excess of $6.9 million;

**WHEREAS**, the State retained an expert in the area of calculating natural resource damages, and using a resource equivalency analysis, that expert calculated the natural resources damages to be $806,523;

**WHEREAS**, the Defendants have denied and contested the State's various allegations as set forth above, and retained experts who contested the State's various claims and damages;

**WHEREAS,** during the pendency of this case, and without any admission of liability, third-party defendant Lore Realty Associates LLC entered into a Stipulation of Settlement dated May 11, 2021 in which Lore Realty Associates LLC agreed to pay the State $50,000 in costs with $45,000 being allocated to past costs and $5,000 being allocated to natural resource damages, in return for which Lore was granted contribution protection against the claims against it in Defendants' third-party complaint;

**WHEREAS**, during the pendency of this case, and without any admission of liability, third-party defendants Kean Babylon, Inc., Covend LLC, Pillbox, LLC,

and Kew Realty entered into a Consent Decree filed on March 3, 2023 in which each of the above-named third-party defendants agreed to pay the State $10,000 (or $40,000 in total) in costs, with $9,000 per defendant being allocated to past costs, and $1,000 per defendant being allocated to natural resource damages, in return for which those third-party defendants were granted contribution protection against the claims against it in Defendants' third-party complaint;

**WHEREAS,** the payments made by the third-party defendants pursuant to the May 11, 2021 and March 3, 2023 Consent Decrees, totaling $90,000, have been received by the State, and Defendants' liability for the State's costs and natural resource damages is reduced by this amount, as provided by CERCLA § 113(f)(2), 42 U.S.C. § 9613(f)(2);

**WHEREAS**, during the pendency of this case, and without any admission of liability, the State and Defendants engaged in settlement discussions regarding reimbursement of the State for its response costs and the State's claim for injury to natural resources;

**WHEREAS**, the State and Defendants (each a "party" and together, the "parties") desire to enter into this Consent Decree ("Decree") in order to fully and finally resolve all claims that have been and could now or hereafter be asserted by the parties with respect to the matters addressed, as defined below, without the necessity or further expense of prolonged and complex litigation, and without admission of liability, adjudication, or determination of any issue of fact or law; and

**WHEREAS**, the State has determined that settlement of its claims against

5

Defendants in accordance with the terms set forth below is practicable and in the best interest of the public;

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN THE UNDERSIGNED AS FOLLOWS:**

## PURPOSE AND SCOPE OF THIS DECREE

1.      The purpose of this Decree is to resolve claims set forth in the State's Complaint and Amended Complaint and any other claims which could have been made by the State against Defendants with regard to the matters addressed, defined in paragraph 2 below, and subject to paragraph 35 below; to release Defendants from liability for the matters addressed; and to provide full and complete contribution protection to Defendants with regard to the matters addressed pursuant to CERCLA § 113(f)(2), 42 U.S.C. § 9613(f)(2).

2.      "Matters addressed," as that term is used in this Decree, is defined to include claims that were raised in the State's Complaint dated November 16, 2015 and Amended Complaint dated October 21, 2019, or could now or hereafter be, asserted by the State against Defendants arising out of or in connection with the storage, treatment, disposal, release, transportation and/or threat of release of hazardous substances at and/or from the Site, as described in the State's Record of Decision dated March 2013, including but not limited to any and all injuries to natural resources and response costs, past or future, and all other claims or causes of action under CERCLA and any other federal, state, local, or common law arising out of or in connection with the storage, treatment, disposal, release, transportation

6

and/or threat of release of hazardous substances at and/or from the Site, as described in the State's Record of Decision dated March 2013.

## JURISDICTION

3.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 9613(b).  Defendants hereby waive all objections and defenses they may have to the jurisdiction of the Court or to venue in this District.  The Court shall have continuing jurisdiction to enforce the terms of this Decree and to resolve any disputes that may arise hereunder.

## PARTIES BOUND

4.     This Decree shall apply to, and be binding upon, the State, including its departments, agencies, and instrumentalities, and shall apply to and be binding upon Defendants and their respective heirs, agents, successors, successors-in-title to the Site, representatives, insurers, and assigns.  Each signatory represents that he or she is fully and legally authorized to enter into the terms and conditions of this Decree and to bind the party on whose behalf he or she signs.  Any change in the ownership or corporate status of the Defendants, including any transfer of assets or real or personal property, shall in no way alter their responsibilities under this Decree.

## DEFINITIONS

5.     Unless otherwise expressly defined herein, terms used in this Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations.

6.    "Environmental easement" shall mean, as defined in 6 New York Codes, Rules and Regulations § 375-l.2(q), an interest in real property, created under and subject to the provisions of New York Environmental Conservation Law Article 71, Title 36, which contains a use restriction and/or a prohibition on the use of land in a manner that is inconsistent with engineering controls, provided that no such easement shall be acquired or held by the State which is subject to the provisions of article fourteen of the Constitution of the State of New York.

7.    "Affected local government" shall have the meaning assigned in New York Environmental Conservation Law § 71-3603.

8.    "Qualified Settlement Fund" or "QSF" means the settlement fund for the Site, set up under Internal Revenue Code § 468B(g)(2), 26 U.S.C. § 468B(g)(2), and 26 C.F.R. § 1.486B-1, which shall be established pursuant to this Decree. A copy of the QSF document that will be executed upon entry of this Decree is annexed hereto as Exhibit A.

9.    "Trustee" means the environmental project management company or financial institution as authorized and directed by DEC to hold, manage, and distribute settlement funds.

## DISCLAIMER OF ADMISSIONS AND DENIALS

10.    Nothing in this Decree shall constitute, or be construed as, an admission or adjudication of liability on any issue of law or fact.

11.    Nothing in this Decree shall constitute evidence that costs are divisible or can be apportioned among the Defendants.

12.     Defendants are entering into this Decree as a compromise of disputed claims and in doing so do not admit to any finding of fact or law or any liability, wrongdoing, or fault under any of the claims alleged against them in the Complaint and Amended Complaint, nor do they acknowledge that any alleged release or threatened release of hazardous substances at or from the Site constitutes damages for injury to, destruction of, or loss of natural resources, or loss of natural resource services.

## PAYMENT OF STATE RESPONSE COSTS
## AND NATURAL RESOURCE DAMAGES

13.     Defendants shall pay the total amount of $5,440,000 to the State, for which Defendants are jointly and severally liable. Payment to the State by Defendants will be allotted as follows: $3,500,000 to past response costs, $1,140,000 to future response costs, and $800,000 to natural resource damages.

14.     The parties have agreed that Defendants shall deposit the settlement amount of $1,140,000 for future response costs into the QSF.

15.     Payment into the QSF shall be for the sole purpose of resolving CERCLA liability and is not a fine, penalty, or monetary sanction.  The Trustee shall administer the money in the QSF only for the enumerated purposes under this Decree.  The interest of any Party in the QSF shall not be subject to attachment or assignment or be subject to the claims of any creditor of any Party.

16.     Defendants must establish the QSF within thirty (30) calendar days of the effective date of this Decree.  Before establishing the QSF, DEC must approve a Trustee.  Defendants must provide DEC the qualifications of a proposed Trustee

within fifteen (15) calendar days of the effective date of this Decree. The management of settlement funds shall be as directed by DEC, and payments from the QSF will be paid directly to DEC by the Trustee upon the direction of DEC.

17.    In consideration of the terms of this Decree, Defendants must make a payment into the QSF or into Defendants' counsel's escrow account, if the QSF has not yet been established, of $1,140,000 within thirty (30) calendar days of the effective date of the Decree.  The Trustee shall provide prompt notice to DEC, in accordance with paragraph 38 below, of Defendants' deposit into the QSF.

18.    All payments for past response costs, totaling $3,500,000, required by this Decree shall be made by electronic funds transfer to the New York State Office of the Attorney General in accordance with instructions from the State, or by certified check, payable to "New York State Department of Environmental Conservation", with a check memo to indicate "State Response Costs, Pride Solvents and Chemical" and sent to Rita Burghardt McDonough, Assistant Attorney General, New York State Department of Law, Environmental Protection Bureau, 28 Liberty Street, 19th Floor, New York, New York 10005 within thirty (30) calendar days of the effective date of the Decree.

19.    The payment of $800,000 for natural resource damages shall be made by electronic funds transfer to the New York State Office of the Attorney General in accordance with instructions from the State, or by certified check, payable to New York State Department of Environmental Conservation, with the check memo to indicate "Natural Resource Damages Fund, Pride Solvents and Chemical" and sent

to Rita Burghardt McDonough, Assistant Attorney General, at the above address within thirty (30) calendar days of the effective date of the Decree.

20.    Within five (5) days of the effective date of this Decree, the State shall provide Defendants with electronic funds transfer instructions for payments under this Decree.  Defendants shall make all payment amounts set forth in paragraph 13 in accordance with the wiring instructions provided if payment is made by electronic funds transfer.

21.    Defendants shall include their taxpayer identification numbers on each of their remittances because the State is required to report that information to the IRS.

22.    Failure to make the payment required in paragraphs 13-19 in the time period and manner specified therein shall constitute a default under this Decree by Defendants.  In the event of such default, the State shall send written notice of the default to Defendants.  Such notice shall be sent via certified mail to Defendants at the addresses noted below in paragraph 38.  Defendants shall have thirty (30) days from the date of mailing of such notice to cure the default by payment of the amount originally due.  If Defendants fail to cure the default within that thirty (30) day period, the State shall be entitled to (but not required to demand) the following: (1) interest of 9% per annum on the amount in default running from the original date of default; and/or (2) civil penalties in the amount of $100/day running from the original date of default.  Defendants shall pay attorneys' fees and costs incurred by the State to enforce these provisions.

23.     The payment terms under this Decree represent a fair and reasonable contribution by Defendants toward the total response costs that have been incurred with respect to releases of hazardous substances at and/or from the Site and natural resource damages at the Site.  The parties agree, and this Court by entering this Decree finds, that this Decree has been negotiated in good faith, that settlement of this matter will avoid prolonged and complicated litigation, and that this Decree is fair, reasonable, and in the public interest.

## ONGOING MAINTENCE AND MONITORING

24.     The Defendants shall undertake all Site management activities required by a DEC-approved Site Management Plan ("SMP") in connection with the installation of a sub-slab depressurization system ("SSDS") system and the ongoing operation, maintenance and monitoring ("O&M") of such system. These obligations include all inspections, operation, maintenance, monitoring, sampling, and reporting requirements related to the SSDS and the recording an environmental easement pursuant to ECL Article 71, Title 36 in connection with the Site.

25.     As part of a DEC-approved SMP, the Defendants will design, install, maintain, operate, and monitor the performance of a SSDS in the buildings on the Site to mitigate actual or potential impacts of vapor intrusion from any contaminants in the soils and groundwater beneath the buildings on the Site.

26.     The SMP may be modified in accordance with DEC's statutory and regulatory authority, after notice to Defendants.

27.     In the event the Defendants fail to undertake the Site management activities required by the DEC-approved SMP, including any and all DEC-approved

amendments to the DEC-approved SMP, the State reserves its right to undertake those activities, in which case the Covenant Not to Sue in paragraph 28 below shall not bar a claim by the State for the costs of undertaking those activities.

## COVENANTS NOT TO SUE

28.     **Covenant Not To Sue Defendants.** For so long as Defendants comply with all terms of this Decree, and subject to the reopener in paragraph 35 of this Decree, the State releases and covenants not to sue, execute judgment, or take any civil, judicial, or administrative action under any federal, state, local, or common law (other than enforcement of this Decree) against Defendants or their respective heirs, agents, successors, successors-in-title to the Site, representatives, insurers, and assigns for any matter arising out of or relating to the matters addressed in this Decree including, without limitation, any claims or causes of action for costs, damages, enforcement costs, interest, indemnification, contribution, or attorneys' fees.

29.     **Covenant Not To Sue By The Defendants**.  For so long as the State complies with the covenant not to sue set forth in paragraph 28, Defendants release and covenant not to sue, execute judgment, or take any civil, judicial, or administrative action under any federal, state, local, or common law against the State, or its employees, departments, agencies, or instrumentalities, or to seek against the State any costs, damages, contribution, or attorneys' fees arising out of or relating to any of the matters addressed as defined in paragraph 2 in this Decree; provided, however, that if the State, pursuant to the reopener, asserts a claim or commences or continues a cause of action against Defendants with respect to the

13

Site, other than to enforce the obligations contained in this Decree, this paragraph shall not preclude the assertion by Defendants of any claims, counterclaims, defenses, or other causes of action against the State. Notwithstanding the foregoing, Defendants may assert any claims or causes of action against any person other than the State, to the extent permitted by law, for any costs, damages, contribution, or attorneys' fees arising out of any of the matters addressed as defined in paragraph 2 in this Decree.

## CONTRIBUTION PROTECTION

30.    In consideration of Defendants' compliance with this Decree, the parties agree that Defendants are entitled, as of the effective date of this Decree, to the full extent of protection from contribution actions or claims as provided by CERCLA § 113(f)(2), 42 U.S.C. § 9613(f)(2), the Uniform Comparative Fault Act, and any other applicable provision of federal or state law, whether by statute or common law, extinguishing the potential liability of Defendants to persons not party to this Decree for the matters addressed.  As provided under CERCLA § 113(f), 42 U.S.C. § 9613(f) and New York General Obligations Law § 15-108, and to the extent authorized under any other applicable law, Defendants shall be deemed to have resolved their liability to the State under applicable law including, without limitation, CERCLA, the New York State Environmental Conservation Law, and common law, for purposes of contribution protection and with respect to the matters addressed pursuant to and in accordance with this Decree.

31.    Any rights Defendants may have to obtain contribution or otherwise recover costs or damages from persons not party to this Decree are preserved.  In

addition, all claims and defenses of Defendants with respect to all persons other

than the State are expressly reserved.

## DISMISSAL OF THE STATE'S CLAIMS
## AND RETENTION OF JURISDICTION

32.    All claims asserted by the State in its Complaint and Amended

Complaint against Defendants are hereby dismissed with prejudice.

33.    For purposes of entry and enforcement of this Decree, the parties to

this Decree agree that the Court has jurisdiction in this matter and shall retain

jurisdiction until Defendants have fulfilled their obligations hereunder.

## EFFECT OF LIABILITY ON OTHER PARTIES

34.    Nothing in this Decree is intended as a release of, or covenant not to

sue with respect to, any person or entity other than Defendants or their respective

heirs, agents, successors, successors-in-title to the Site, representatives, insurers,

and assigns, and the State expressly reserves its rights to assert in a judicial or

administrative forum any claim or cause of action, past or future, in law or in

equity, that the State may have against any other person, firm, corporation, or

other entity.

## REOPENER

35.    Notwithstanding any other provision of this Decree and any release,

discharge, or covenant not to sue that Defendants may receive from the State, the

State reserves, and this Decree is without prejudice to, the right of the State to

institute proceedings seeking to compel Defendants: (a) to perform further response

actions relating to the Site, or (b) to reimburse the State for additional costs of response actions relating to the Site, but in either case only if:

    (i)    conditions at the Site that arose out, of or in connection with, the disposal, release, and/or threat of release of hazardous substances (as defined by CERCLA § 101(14), 42 U.S.C. § 9601(14)), other than those included in the definition of matters addressed in paragraph 2 of this Decree at or from the Site on or before the effective date of this Decree are discovered after the effective date of this Decree, such conditions were previously unknown to the State, and Defendants are potentially responsible parties pursuant to 42 U.S.C. § 9607(a) with respect to such contamination; or

    (ii)    information previously unknown to the State is received after the effective date of this Decree and this previously unknown information indicates that the response actions selected for the Site are not protective of human health or the environment and such information indicates that Defendants are potentially responsible parties pursuant to 42 U.S.C. § 9607(a) with respect to such information. However, this paragraph will not apply in the event that DEC determines that, based on previously unknown information regarding subsurface conditions at the Site, the remedy chosen for OU-2 in the Record of Decision for the Site dated March 2013 is not technically feasible.

For purposes of this Reopener, previously known conditions and previously known information to the State pertaining to the Site, respectively, include all conditions

and information known to the State as of the effective date of this Decree including, but not limited to (1) all conditions identified and information contained or submitted for inclusion in the Administrative Record, attached as Exhibit A to the Record of Decision for the Site, dated March 2013, which includes a letter from Jonathan Murphy, Esq. dated January 29, 2013 expressing concern with the selected remedy for OU-2 of the Site, and (2) all conditions and information known to the State as of the effective date of this Decree that originated from or are based upon information obtained by the State or learned by the State subsequent to the issuance of the Record of Decision for the Site dated March 2013 during Site sampling and visits and obtained by the State or learned by the State subsequent to the issuance of the Record of Decision for the Site dated March 2013 through information obtained during the litigation between the parties under Eastern District of New York Docket number 15-CV-6569 (GRB)(ARL).

## ENVIRONMENTAL EASEMENT

36.    Within sixty (60) days of the effective date of this Decree, the Defendants shall submit a complete environmental easement package to DEC for the Site located at 78 and 88 Lamar Street, West Babylon, Town of Babylon, Suffolk County, New York, identified on the Suffolk County Tax Map as Section 076.00, Block 02.00 Lot 020.00, and Section 076.00, Block 02.00, Lot 021.00, respectively.

37.    The environmental easement packages shall consist of DEC's environmental easement certification and checklist, available at https://www.dec.ny.gov/chemical/65118.html, together with all requirements and documents listed therein.  Defendants will timely correct any deficiencies that DEC

17

notes in the submitted environmental easement package. Thereafter, DEC will prepare and transmit a copy of the environmental easement for the Site to Defendants for signature. Within thirty (30) days of DEC's transmission of the environmental easement for the Site as approved, Defendants shall: (1) record the environmental easement in the real property records for Suffolk County; (2) provide DEC proof of such recording, complete with book and page number or other similar instrument; and (3) mail notice with a copy of the recorded environmental easement for the Site to each Affected Local Government, as defined at NY Env. Conserv. L §71-3603(1), and provide proof of same to DEC. The final easement submitted to Suffolk County by Defendants shall incorporate by reference the DEC-approved SMP.

## **NOTIFICATIONS**

38.     Any notification to the State and Defendants shall be in writing or by electronic mail and shall be deemed properly given if sent to the following:

### **As to the State of New York**

> Rita Burghardt McDonough
> Laura Mirman-Heslin
> Assistant Attorneys General
> New York State Office of the Attorney General
> Environmental Protection Bureau
> 28 Liberty Street, 19th Floor
> New York, New York 10005
> Rita.McDonough@ag.ny.gov
> Laura.Mirman-Heslin@ag.ny.gov

> **and**

> Alali Tamuno
> Office of General Counsel
> New York State Department of Environmental Conservation

> 220 White Plains Road, Suite 110
> Tarrytown, New York 10591
> Alali.Tamuno@dec.ny.gov

**As to the Defendants**

> Arthur Dhom, Jr.
> c/o Pride Solvents and Chemical Co. of N.Y., Inc.
> 6 Long Island Ave.
> Holtsville, N.Y. 11742
> ADhom@PrideSol.com

> and to

> Jonathan A. Murphy
> Bleakley Platt & Schmidt, LLP
> One North Lexington Avenue
> Fourth Floor
> White Plains, NY 10601
> jamurphy@bpslaw.com

39.    Notifications of the payment of the settlement sum of $5,440.000 made pursuant to paragraphs 13-19 above shall be sent via electronic mail by Defendants to:

> Karen Diligent
> Cost Recovery Section, Bureau of Program Management
> Division of Environmental Remediation
> New York State Department of Environmental Conservation
> 625 Broadway, 12th Floor
> Albany, New York 12233
> (518) 402-9764
> Karen.Diligent@dec.ny.gov

> Nancy Fish
> Office of General Counsel
> New York State Department of Environmental Conservation
> 625 Broadway, 14th Floor
> Albany, New York 12233
> (518) 402-3024
> Nancy.Fish@dec.ny.gov

## COMPLETE AGREEMENT/SIGNING

40.     This Decree constitutes the complete agreement of the parties.  This Decree may not be amended, modified, supplemented, or otherwise changed without approval of this Court and the written consent of both the State and Defendants. This Decree may be signed in counterparts.

## EFFECTIVE DATE

41.     This Decree shall become effective when it is entered by the Court.  All times for performance of activities under this Decree shall be calculated from that date.

## OTHER

42.     The parties may execute this Decree in counterparts.  Copies of signatures, including copies transmitted electronically, shall be treated as originals.

Dated: New York, New York
     November 22, 2024

LETITIA JAMES
Attorney General
State of New York
*Attorney for Plaintiffs*

By: _____
    Rita Burghardt McDonough
    Assistant Attorney General
    Environmental Protection Bureau
    New York State
    Office of the Attorney General
    28 Liberty Street, 19th Floor
    New York, New York 10005
    Tel.: (212) 416-8742
    Rita.McDonough@ag.ny.gov

BLEAKLY PLATT & SCHMIDT, LLP
*Attorneys for Defendants*
*Pride Solvents & Chemical Co., Inc.,*
*Pride Solvents & Chemical Co. of N.Y.,*
*Inc., Pride Solvents and Chemical Co.*
*of New Jersey, Arthur Dhom, Sr.,*
*Arthur Dhom, Jr., Cheryl A. Dhom, as*
*executor of the estate of Robert Dhom,*
*and 78-88 Lamar Street Realty Corp.*

By: _____
Jonathan A. Murphy
One North Lexington Avenue
White Plains, New York 10601
Tel.: (914) 683-6956
JAMurphy@bpslaw.com

By: _____
Arthur Dhom, Sr.
*Individually and on behalf of Pride*
*Solvents & Chemical Co., Inc., and 78-*
*88 Lamar Street Realty Corp.*

By: _____
Arthur Dhom, Jr.
*Individually and on behalf of Pride*
*Solvents & Chemical Co. of N.Y., Inc.,*
*and Pride Solvents and Chemical Co.*
*of New Jersey*

By: _____
Cheryl A. Dhom
*As executor of the estate of Robert*
*Dhom*

So Ordered:   /s/Gary R. Brown
          Gary A. Brown, U.S.D.J.

Dated: New York, New York
        December 20th, 2024

LETITIA JAMES
Attorney General
State of New York
*Attorney for Plaintiffs*

By: _____
        Rita Burghardt McDonough
        Assistant Attorney General
        Environmental Protection Bureau
        New York State
        Office of the Attorney General
        28 Liberty Street, 19th Floor
        New York, New York 10005
        Tel.: (212) 416-8742
        Rita.McDonough@ag.ny.gov

BLEAKLY PLATT & SCHMIDT, LLP
*Attorneys for Defendants*
*Pride Solvents & Chemical Co., Inc.,*
*Pride Solvents & Chemical Co. of N.Y.,*
*Inc., Pride Solvents and Chemical Co.*
*of New Jersey, Arthur Dhom, Sr.,*
*Arthur Dhom, Jr., Cheryl A. Dhom, as*
*executor of the estate of Robert Dhom,*
*and 78-88 Lamar Street Realty Corp.*

By: _____
Jonathan A. Murphy
One North Lexington Avenue
White Plains, New York 10601
Tel.: (914) 683-6956
JAMurphy@bpslaw.com

By: _____
Arthur Dhom, Sr.
*Individually and on behalf of Pride*
*Solvents & Chemical Co., Inc., and 78-*
*88 Lamar Street Realty Corp.*

By: _____
Arthur Dhom, Jr.
*Individually and on behalf of Pride*
*Solvents & Chemical Co. of N.Y., Inc.,*
*and Pride Solvents and Chemical Co.*
*of New Jersey*

By: _____
Cheryl A. Dhom
*As executor of the estate of Robert*
*Dhom*

So Ordered: _____
        Gary A. Brown, U.S.D.J.

21